# IN THE UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## JACKSONVILLE DIVISION

| | |
|---|---|
| DAVID KEITH SMITH AND MICHELL SMITH | ) ) ) |
| PLAINTIFFS, | ) ) |
| VS. | ) ) CASE NO. |
| OLD DOMINION INSURANCE COMPANY a corporation, | ) ) ) ) |
| DEFENDANT. | ) ) |

## COMPLAINT

COMES NOW the Plaintiffs, DAVID KEITH SMITH AND MICHELL SMITH, by and through their undersigned attorney and for the relief hereinafter requested, allege as follows:

## JURISDICTION

1. This action arises under the *National Flood Insurance Act*, as amended, 82 Stat. 583, 42 U.S.C. Section 4001, *et seq.*, pursuant to the insurance contract issued to the Plaintiffs, as hereinafter more fully appears. This action, having arisen under an applicable federal statute, namely, 42 U.S.C. Section 4072, requires the application of federal law pursuant to the general federal jurisdiction provisions of 28 U.S.C. Section 1331.

**VENUE**

2.  The property made the basis of this action is located at 164 Lantana Ave., Flagler County, Flagler Beach, Florida 32136 (hereinafter referred to as the "insured property"). The insured property is situated in the Middle District of Florida, Jacksonville Division and venue is proper in this Court pursuant to 42 U.S.C. Section 4072 and 44 C.F.R. Pt. 61, App. A(1), Article VII(R).

**PARTIES**

3.  The Plaintiffs, DAVID KEITH SMITH AND MICHELL SMITH, are husband and wife who were and still are the owners of the insured property and have been at all times material to the allegations set forth in the Complaint.

4.  The Defendant, OLD DOMINION INSURANCE COMPANY (hereinafter referred to as Old Dominion) is a private insurance company qualified to do business in the state of Florida and participates in FEMA's "Write Your Own" (WYO) program. Old Dominion issued a Standard Flood Insurance Policy (hereinafter referred to as "SFIP") in its own name, as a fiscal agent of the United States, to the Plaintiffs. Pursuant to 44 C.F.R. Section 62.23(d) and (i)(6), Old Dominion is responsible for arranging the adjustment, settlement, payment and defense of all claims arising under the policy.

**FACTUAL ALLEGATIONS**
**BREACH OF CONTRACT**

5.  On September 7, 2017, Old Dominion issued an SFIP to the Plaintiffs, namely, Policy No. 1478805379, for a one (1) year period, whereby Old Dominion agreed to pay the Plaintiffs for any direct physical loss to the insured property caused by or from a "flood" as defined by the policy. In lieu of attaching the policy hereto, the Plaintiffs incorporate by

reference, as a part hereof, the terms and provisions of the SFIP, as set forth in 44 C.F.R. Section 61, Appendix A(1), which is the policy issued by Old Dominion to the Plaintiffs during the above-referenced time period.

6. The SFIP issued to the Plaintiffs covered flood damage to the Plaintiffs' dwelling and other structures as described under Coverage A up to a limit of $250,000; flood damage to Plaintiff's personal property and contents under Coverage B up to a limit of $100,000; debris removal and loss avoidance measures as described under Coverage C; and costs incurred to comply with state or local flood plain management laws or ordinances as described under Coverage D ( also known as Increased Cost of Compliance or I.C.C.) up to a limit of $30,000.

7. On or about September 11, 2017, the storm surge, tidal water and rain associated with Hurricane Irma directly caused the inundation of the Plaintiffs' land and the surrounding area. As a direct and proximate result of the flooding, the Plaintiffs suffered a direct physical loss to their building and contents and incurred expenses for debris removal and safe storage of their property.

8. The Plaintiffs timely notified the Defendant of their loss and the claim was inspected and adjusted by or on behalf of the Defendant by an "independent" adjuster who prepared an estimate which served as the basis for the Defendant's payment to the Plaintiffs. Pursuant to SFIP, Art.VII.J.7., the estimate and proof of loss is furnished as " a matter of courtesy only". As a result, payment was made to the Plaintiffs pursuant to their SFIP for loss or damage to their insured property.

9. Plaintiffs disagreed with the Defendant's estimate and payment o n the following grounds: the estimate and payment did not include or detail the full scope of covered damages and necessary repairs; damaged items were omitted or missing; the adjuster

used incorrect and/or inadequate pricing which did not accurately reflect the true cost of repairs unique to the Plaintiffs' dwelling and their community; and, the adjuster used inappropriate and/or inadequate methods of repair. On August 11, 2018, as required by SFIP, Art.VII.J.4., Plaintiffs submitted a request for additional payment evidenced by a Proof of Loss and a detailed, room by room, line item repair estimate reflecting the cost to repair all of the flood damaged items covered by the SFIP with materials of like kind and quality for like use.

10. The above described SFIP was in full force and effect at the time of the Plaintiffs' loss and they have performed all conditions precedent entitling them to the coverages, payments, and benefits afforded by said policy.

11. The Defendant has failed or refused to pay the full amount due under the policy and has otherwise failed or refused to comply with the terms and provisions of the policy. As a result thereof, the Defendant has breached the contract of insurance herein described.

12. As a direct and proximate consequence of the Defendant's breach of said contract, the Plaintiffs have not been fully paid or compensated for damage to their building and contents and will incur attorney fees and costs to collect the amount due under their policy..

WHEREFORE, Plaintiffs demand judgment against the Defendant for an amount up to and including the coverage limits under Coverage A and Coverage B of their SFIP; any and all other amounts payable under said policy; attorney fees, costs and case expenses incurred in filing and prosecuting this action payable under the Equal Access to Judgment Act (EAJA), 28 U.S.C. § 2412; and, any and all other appropriate relief to which the Plaintiffs may be entitled.

Respectfully submitted,

/s/ SAMUEL W. BEARMAN

Samuel W. Bearman
Samuel W. Bearman, L.C.
Florida State Bar No. 216127
820 North 12th Avenue
Pensacola, FL.  32501
Tel: (850) 438-1000
Fax: (850) 438-1022
e-mail: sbearman@bearmanlaw.com

ATTORNEY FOR PLAINTIFFS